IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bank of America, | ) | C/A No.: 3:16-1231-MBS-SVH |
|                 Plaintiff, | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Elois C. Baxter, | ) | |
|                 Defendant. | ) | |

Elois C. Baxter ("Defendant"), proceeding pro se, filed a notice of removal that purports to remove a mortgage foreclosure action filed in the Court of Common Pleas in Richland County, South Carolina, Case No. 2016-CP-40-1620. [ECF Nos. 1 at 1; 1-1]. All pretrial proceedings in this matter were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the undersigned recommends this matter be remanded for lack of subject matter jurisdiction.

I.     Factual and Procedural Background

Defendant purports to remove a mortgage foreclosure action associated with property located at 204 Glen Knoll Drive, Columbia, SC 29229. [ECF No. 1-1 at 8–12]. Defendant alleges she is removing the action "for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12b(1)" and argues the "[d]efense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." [ECF No. 1 at 1].

II.     Discussion

    A.     Authority to Remand

This case has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2) (D.S.C.). There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court. At least one court in this district has addressed the issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992). Many federal circuit courts, addressing this matter in published opinions, have reached a similar result, holding that an order to remand is dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998). In light of the unsettled state of the law within this district as to whether remands are considered dispositive, a report and recommendation has been prepared in this case. *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, at *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand").

    B.     Analysis

The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court, if the state court action could have been originally filed there. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there is federal question jurisdiction under 28

U.S.C. § 1331. Various federal courts have held that removal statutes are to be construed against removal jurisdiction and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990). A federal court should remand the case to state court if there is no federal subject matter jurisdiction evident from the face of the notice of removal and any state court pleadings provided. *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, *sua sponte* remand is available under appropriate circumstances.[1]

Defendant seeks to remove a state law mortgage foreclosure action; however she does not identify a viable basis for jurisdiction. To the extent Defendant seeks to remove this civil action under 28 U.S.C. § 1331, there is no federal jurisdiction over a complaint that "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property." *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006); *see also Pettis v. Law Office of Hutchens, Senter, Kellam and Pettit*, C/A No. 3:13-147-FDW, 2014 WL 526105, at *2 (W.D.N.C. Feb. 7, 2014) (collecting cases); *Deutsche Bank Nat'l Trust Co. v. Lovett*, C/A No. 3:12-1819-JFA, 2013 WL 528759, at *2 (D.S.C. Feb. 11, 2013) (adopting Report and Recommendation remanding foreclosure case to state court). Defendant appears to argue that she has a defense of lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) [ECF No. 1], a defense based on a federal statute or constitutional amendment does not establish

---

[1] The undersigned expresses no opinion at this time whether procedural defects in the removal would provide a basis for remand upon a properly-filed motion by Plaintiff.

removal jurisdiction.[2] *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275 (4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction.").

To the extent Defendant seeks to remove this civil action based on diversity of citizenship under 23 U.S.C. § 1332, a case may not be removed to federal court if any defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005).[3] As Plaintiff is a citizen of South Carolina [ECF No. 1], her action may not be removed under § 1332. Because removal of this case under federal question or diversity jurisdiction is improper, the case should be remanded to state court.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the district judge remand this matter to the Court of Common Pleas of Richland County, South Carolina for lack of subject matter jurisdiction. Because this is only a recommendation, the Clerk

---

[2] Defendant argues that the "defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." [ECF No. 1]. Although Defendant's statement is true, it is inapplicable to the removal of her state court case. Removal of an action to federal court is a distinct legal concept from appeal. It appears Plaintiff has an opportunity to raise a defense of lack of subject matter jurisdiction in state court at this time, and need not wait for appeal. Even if the case were ripe for appeal, this court does not have appellate jurisdiction over a state mortgage foreclosure action.

[3] It also appears that the case involves additional defendants who have not consented to removal. *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006) (holding that the failure of all defendants to join in the removal petition constituted an error in the removal process).

of Court shall not immediately certify this matter to the Court of Common Pleas for Richland County. If both parties in this case fail to file written objections to this Report and Recommendation within fourteen days after this document is filed, or, if either party files written objections to this Report and Recommendation within fourteen days after this document is filed, the Office of the Clerk of Court, at the end of the fourteen day period, shall forward the case file and any objections to the United States District Judge for a final disposition.

      IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 22, 2016                                      Shiva V. Hodges
Columbia, South Carolina            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).